Abraham N. Heller, J.
Petitioner’s motion to confirm the award is denied and respondent’s cross motion to vacate or modify is granted to the extent of directing a reopening of the arbitration for the purpose of taking proof with respect to damages and rendering an award on such proof.
Petitioner’s demand for arbitration requested establishment of his right pursuant to agreement to be employed as president *625 of the corporation until January 10, 1966, together with such other and further relief as might seem proper to the arbitrator. Petitioner continued to be employed but not as president. During the pendency of the arbitration hearings the corporation was consolidated with another corporation into a new corporation and petitioner’s employment was terminated shortly thereafter by the neAV corporation. At the final hearing petitioner testified to these subsequent developments over respondent’s objection that these were beyond the scope of the arbitration demanded. Petitioner now requested an award of damages. The hearing closed with a direction that petitioner submit in writing the amount of his claim with a copy to respondent.
Petitioner’s itemized statement listed $44,309 for full amount of salary due to January 10, 1966; miscellaneous amounts for alleged past improper deductions and for claimed additional vacation periods; and a projected computation of his bonus of 10 fo of net profits in excess of $25,000. In reply respondent first set forth its contention that the arbitrator would be exceeding his powers if he awarded damages. It also expressed its surprise at the amount claimed by petitioner and stated that such a major claim “ should be subject to a full hearing and cross-examination.” It then made certain points with regard to petitioner’s statement, including the fact that the corporation had actually sustained losses. It concluded with a request that the arbitrator should refrain from ruling on the subsequent developments which “ have not been the subject of a full hearing.”
Without any further hearing the arbitrator awarded petitioner $44,309, his full salary without deduction to January 10, 1966.
It is clear that the arbitrator did not exceed his powers in malting an award of damages. ¡Respondent’s own act in discharging petitioner during the course of the arbitration rendered futile the relief originally requested. Even if a demand contains no omnibus clause as to other and further relief, an arbitrator has power to render an award consistent with the demand and the facts presented (cf. Civ. Prae. Act, § 479). An arbitrator may, surely at least to the same extent as a court, permit amended or supplemental relief to be requested, so long as it is encompassed within the contractual arbitration clause and the adverse party is given the opportunity to meet the new issue.
Thus, the arbitrator was correct in overruling respondent’s objection. However, there was no hearing on the question of the amount of damages. In view of the amount demanded and the nature of the itemization in petitioner’s supplementary letter and respondent’s request that such a major claim should be sub *626 ject to a full hearing, the arbitrator, notwithstanding respondent’s reiterated objection that he was exceeding his powers, should have fixed a hearing date as to the amount of damages. In that sense, the arbitrator may be said to have proceeded unfairly in rendering his award. Settle order accordingly.